FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 14 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:99cr91.8 |
| | § | |
| JOSHUA MATTHEW DELMAST | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 29, 2008 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On June 9, 2000, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 108 months imprisonment, followed by a 5-year term of supervised release for the offense of Conspiracy to Possess with Intent to Deliver Cocaine Base. On October 23, 2006, Defendant was released from custody and ordered to commence service of a 5-year term of supervised release. On November 17, 2006, this matter was re-assigned to the Honorable Michael H. Schneider, United States District Judge.

On April 11, 2008, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. 612). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test within 15 days of release from imprisonment

1

and at least two periodic drug tests thereafter, as determined by the probation officer; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons; (4) Defendant shall not commit another federal, state, or local crime; (5) Defendant shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (6) Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer; and (7) Defendant shall be placed on home detention for a period not to exceed 150 days, and during this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer, Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," call waiting," or portable cordless telephones during this period, and, at the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer and will be required to pay the cost associated with his program of electronic monitoring.

The petition alleges that Defendant committed the following violations: (1) on September 12, 2007, January 29 and February 28, 2008, Defendant submitted urine specimens that tested positive for marijuana; (2) Defendant failed to submit a written monthly report within the first five days for the months of December 2006, January, February, March, April, June, July, August, October, November, and December 2007, and February and March 2008; (3) Defendant has failed to maintain stable employment since February 2007; (4) on August 30, 2007, Defendant was arrested

in Sherman, Texas for the offense of failure to display drivers license on demand, and when arrested Defendant was in possession of $410 in cash and was with Eddie D. Green, a person with multiple felony convictions for the offense of possession of marijuana; (5) on September 4, 25, October 8, 11, 22, 24, 30, November 9, 12, 19, 26, 28, 2007, Defendant failed to submit a urine specimen for testing, and on December 7, 2007, Defendant was discharged unsuccessfully from drug aftercare with Keith Lang, LPC, for failure to participate in the random drug testing program and individual counseling sessions; (6) on December 10, 2007, Defendant signed a waiver of hearing to modify his conditions of supervision to include 150 days home detention with electronic monitoring, on December 26, 2007, the modification was ordered by the Court, and, as of April 11, 2007, Defendant failed to have a working telephone line installed at his place of residence as instructed.

Prior to the Government putting on its case, the Defendant entered a plea of true to the alleged violations. Defendant also waived allocution before a district judge. At the hearing, the Court recommended that Defendant's supervised release be revoked based on those violations.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with 48 months of supervised release to follow. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant should be required to report in person to the probation office in the district to which Defendant is released.

While on supervised release, Defendant should not commit another Federal, state, or local crime, should comply with the standard conditions that have been adopted by this Court, and should

comply with the following additional conditions:

Defendant should pay a fine totaling $1,500, and the restitution payments should begin immediately. Any amount that remains unpaid when the Defendant's supervision commences should be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances pursuant 18 U.S.C. §3572(d)(3). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) should be paid toward the unpaid fine balance within 15 days of receipt. The restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

Defendant should provide the probation officer with access to any requested financial information for purposes of monitoring financial status.

Defendant should not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

Defendant should not illegally possess a controlled substance and should refrain from any unlawful use of a controlled substance.

Defendant should participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

Defendant should be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

Defendant should not possess a firearm as defined in 18 U.S.C. § 921.

The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons Facility in Texarkana.

SIGNED this 12 day of May, 2008.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE