# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:99cr91 |
| | § | (Judge Schneider) |
| JOSHUA MATTHEW DELMAST (8) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 8, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On June 9, 2000, Defendant was sentenced by the Honorable Paul Brown to one hundred and eight (108) months' custody followed by five (5) years of supervised release for the offense of Conspiracy to Possess with Intent to Deliver Cocaine Base. On October, 23, 2006, Defendant completed his period of imprisonment and began service of his supervised term. On November 17, 2006, this case was reassigned to the Honorable Michael H. Schneider. On May 15, 2008, Defendant's supervised release was revoked and Defendant was sentenced to ten (10) months' custody followed by an additional forty-eight (48) months of supervised release. On February 13, 2009, Defendant completed his period of imprisonment and began his new term of his supervised release.

On January 11, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition contained eleven allegations of violations of Defendant's supervised release. The Government agreed to dismiss allegations one through five. The remaining allegations assert that Defendant violated the following conditions: (1) the defendant shall refrain

from any unlawful use of a controlled substance; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (4) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (5) the defendant shall pay a fine in the amount of $1,500. Any amount that remains unpaid when the defendant is placed on supervision is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross monthly income; and (6) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

The petition alleges that Defendant committed the following acts: (1) On October 20, 2009, November 6, 2009, and December 15, 2009, Defendant submitted urine specimens that tested positive for marijuana; (2) On October 28, 2009, and November 11, 2009, Defendant submitted urine specimens that tested positive for marijuana and cocaine; (3) On October 30, 2009, and November 7, 2009, Defendant failed to report to Pillar Counseling to provide a urine specimen for testing as instructed, and as part of the U.S. Probation Office's random drug testing program; (4) Defendant failed to work regularly at a lawful occupation for the months of May, June, July, August, September, October, and November 2009; (5) On March 31, 2009, Defendant signed a written agreement to pay $40 each month toward his fine balance with the first payment being due on April 15, 2009, and Defendant failed to make any payments and his fine balance is $1,055; (6) Defendant failed to submit a written report for the month of November 2009 and failed to submit timely monthly reports for June and July 2009.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations based upon the agreement that the Government would dismiss some of the violations and the agreement to a fourteen month sentence with no supervised release to follow.

## RECOMMENDATION

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months with no supervised release to follow. Defendant shall still have the obligation to pay his fine. After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant also waived his right to file objections.

**SIGNED this 10th day of March, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE